IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **GREGORY PETTAWAY, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:21-00294-JB-N |
| **PHH MORTGAGE SERVICES AS TRANSFEREE** | ) |
| **OF OCWEN LOAN SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This action is before the Court on Plaintiffs' Objection to Defendant's Notice of Removal, which the Court now construes as a Motion to Remand. (Doc. 7). The motion has now been briefed by the parties and is ripe for consideration.

**I.   INTRODUCTION**

Defendant removed this action based on diversity jurisdiction. (*See* Doc. 1 at 3-7.) The Notice of Removal alleged complete diversity among the parties and the amount in controversy was satisfied based on the property value and Plaintiffs' request for a permanent injunction against foreclosure. *See* 28 U.S.C. § 1332. A federal court may exercise subject matter jurisdiction over a civil action raising only state law claims if the action arises under the court's diversity jurisdiction. 28 U.S.C. §1332(a)(1). The Court may have diversity jurisdiction only when there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000. *Triggs v. John Crump Toyota, Inc*. 154 F. 3d 1284, 1287 (11th Cir. 1998).

In their Objection, Plaintiffs argue the case should be remanded because (1) foreclosure actions belong in state court, (2) Defendant is forum shopping, (3) Plaintiffs believe the property is worth only $65,000, and (4) Defendant allegedly failed to offer Plaintiffs loss mitigation before initiating foreclosure.[1]  (*See* Doc. 7).  The Court finds no arguments provide the basis for remand. Plaintiffs do not dispute the diversity of citizenship of the parties.  (*Id*.).  Instead, Plaintiffs attack the amount in controversy, but provide no authority to support their argument.

## II.     ANALYSIS

### A. Defendant's Notice of Removal Properly Establishes that Diversity Jurisdiction Exists.

"Pursuant to 28 U.S.C. § 1441, an action may be removed from state court if 'the district courts of the United States have original jurisdiction' over the action."  *Pah v. JPMorgan Chase Bank, N.A.*, 2014 WL 1683332, at *1 (N.D. Ga. Apr. 29, 2014) (quoting 28 U.S.C. § 1441(a)). Original jurisdiction can be based on either a federal question or diversity of citizenship.  *Id*. Defendant's Notice of Removal is based on diversity of citizenship.[2]  (*See* Doc. 1 at 3-7.).

Defendant's Notice of Removal adequately invokes this Court's diversity jurisdiction. "Section 1332(a) provides for diversity jurisdiction in cases where the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states." *Pah*, 2014 WL 1683332, at *1.  Defendant's Notice of Removal establishes that the parties are citizens of different states, a fact Plaintiffs do not dispute.  (*See* Doc. 1 at 4.)

---

[1] The present action was filed by Plaintiffs and is not an action in the nature of a judicial foreclosure.

[2] Because removal was based on diversity jurisdiction, not federal question, Plaintiffs' discussion of the law related to federal question jurisdiction is irrelevant.  (*See* Doc. 7 at 7-8).

"To determine the amount in controversy, the Court considers the complaint and the notice of removal."  *Pah*, 2014 WL 1683332, at *2.  Defendant must establish "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement."  *See Berry v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 1145219, at *3 (S.D. Ala. Mar. 15, 2012), report and recommendation adopted, 2012 WL 1145212 (S.D. Ala. Apr. 5, 2012).  "When declaratory and injunctive relief is sought, as here, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Id*. at *4 (internal quotations omitted) (quoting *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc*., 120 F.3d 216, 218 (11th Cir. 1997)).  It is well settled that in actions to enjoin a foreclosure, the amount in controversy is "measured by the value of the home itself."  *Id*. at *4 (collecting cases).

Plaintiffs seek an order permanently enjoining the foreclosure of their home.  (*See* Doc. 1-2 at 9).  In the Notice of Removal Defendant filed Dallas County Tax Assessor records showing the home having an appraised value of $103,200.00 in 2020.  (*See* Doc. 1 at 6; Doc. 1-3).

> Because the current value of the property is thus at issue in determining the amount in controversy, Defendant is entitled to rely upon the appraised value of the property by a local tax authority in producing evidence of the property's value.

*Sealey v. Branch Banking & Tr. Co.*, 2018 WL 4496656, at *3 (M.D. Ala. Aug. 27, 2018), report and recommendation adopted, 2018 WL 4496488 (M.D. Ala. Sept. 19, 2018); *see also, e.g., Maddox v. Phelan Halliman Diamond & Jones, PLLC*, 2019 WL 2306208, at *4 (N.D. Ga. Apr. 17, 2019) (relying on tax assessor's appraisal), report and recommendation adopted, 2019 WL 3503727 (N.D. Ga. June 28, 2019); *Tonea v. Nationstar Mortg. LLC*, 2017 WL 9474221, at *4 (N.D. Ga. Jan. 11, 2017) (relying on tax assessor's appraisal), report and recommendation adopted, 2017 WL

406982 (N.D. Ga. Jan. 31, 2017); *Pah*, 2014 WL 1683332, at *2 (relying on amount paid at foreclosure sale and amount of appraised value of home); *McClain v. Bank of Am. Corp.*, 2013 WL 1399309, at *5 n.5 (S.D. Ga. Apr. 5, 2013) (relying on property tax record for appraised value of home); *Berry*, 2012 WL 1145219, at *3 (relying on revenue commissioner's appraised and assessed value of home).

Plaintiffs do not dispute the evidence offered of the appraised value of the home. Instead, Plaintiffs "contends [sic]the subject property is worth no more than $65,000.00, that is the principal amount Plaintiffs should be allowed to pay given the fact that they were in bankruptcy at some early stage of this dispute, and were discharge [sic] without having any legal obligation to pay the same." (Doc. 7 at 10). Plaintiffs offer no evidence supporting their valuation of the property at $65,000.00.

To rebut Defendant's evidence of the amount in controversy, Plaintiffs must do more than state what they "contend" the property to be "worth." *See Sealey*, 2018 WL 4496656, at *3 (denying motion to remand where the plaintiff argued that the property was not worth its appraised value but presented no authority supporting his position). Courts have repeatedly held that the fair market value of the home is the relevant valuation — not a plaintiff's subjective assignment of value. *See, e.g., Tonea*, 2017 WL 9474221, at *4 ("The Court agrees that, in this case, the proper measure of the amount in controversy with respect to Tonea's claim for injunctive relief is the fair market value of the Property."); *Mcintyre v. JPMorgan Chase Bank, NA*, 2014 WL 12180220, at *7 (N.D. Ga. Aug. 7, 2014); *Brown v. Citimortgage, Inc.*, 2011 WL 1059206, at *3 (S.D. Ala. Mar. 4, 2011), report and recommendation adopted, 2011 WL 1059172 (S.D. Ala.

Mar. 23, 2011); *Mapp v. Deutsche Bank Nat. Tr. Co.*, 2009 WL 3664118, at *4 (M.D. Ala. Oct. 28, 2009).

Absent contravening evidence of the amount in controversy, the Court's inquiry ends. *See Maddox*, 2019 WL 2306208, at *4 ("Because Defendants have shown that the parties are diverse and that the amount in controversy exceeds $ 75,000, they have shown that diversity jurisdiction exists."); *Stern v. Bank of Am. Corp.*, 2015 WL 3440419, at *2 (M.D. Fla. May 28, 2015) (denying motion to remand where the defendant presented "unchallenged documentary evidence" of the property value to establish the amount in controversy); *Pah*, 2014 WL 1683332, at *2 (denying motion to remand where the "uncontested evidence" showed that the amount in controversy and diversity requirements were met).

### B. Plaintiffs' Remaining Arguments for Remand Lack Merit.

Plaintiffs' advance several additional arguments to support the Motion to Remand. These arguments consist of: (1) remand is proper because the state court judges have heard related disputes between the parties so they are familiar with the facts of this case; (2) Defendant is impermissibly forum shopping; and (3) Defendant failed to offer Plaintiffs loss mitigation during their dealings. (Doc. 7). These arguments are not supported by authority and do not constitute grounds for remand.

The matters are not novel and are frequently litigated in this Court. "Federal . . . district courts routinely interpret and apply state law." *In re Veros Energy, LLC*, 587 B.R. 134, 156 (Bankr. N.D. Ala. 2018). There is no basis for this Court to defer to state courts when the case has otherwise been properly removed.

As to Plaintiffs' forum shopping argument, a defendant's right to remove is conferred by statute.  *See* 28 U.S.C. § 1441(a) (providing that civil actions "may be removed by the defendant"); *Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1222 (M.D. Ala. 2021) (referring to the defendant's "statutory right to remove").  Where a removing party establishes the prerequisites for removal jurisdiction exist, removal is proper and remand should be denied.  The Court also cannot accept Plaintiffs' suggestion it has discretion as to whether to accept removal.  (Doc. 7 at 8).  Section 1441 does not support this argument and Plaintiffs offer no authority to the contrary.

Finally, the Court notes that Plaintiffs' argument that an alleged failure to offer loss mitigation warrants remand has nothing at all to do with removal jurisdiction.  Plaintiffs contend "borrowers may raise lender noncompliance with FHA loss mitigation regulations as a defense to a foreclosure law suit," citing *Hayes v. M&T Mortgage Corp.*, 906 N.E.2d 638 (Ill. App. Ct. 2009).  (Doc. 7 at 10).  The Court is confused as to how such a potential defense applies in this case filed by Plaintiffs.  Nonetheless, Plaintiffs have not shown how this argument is a bar to removal.

### III.     CONCLUSION

The Court finds Defendant has met its burden to invoke the jurisdiction of this Court.  Plaintiffs do not present any valid basis to defeat removal.  The Motion to Remand is **DENIED**.

**DONE and ORDERED** this 23rd day of September, 2021.

/s/ JEFFREY U. BEAVERSTOCK  
UNITED STATES DISTRICT JUDGE